IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**CHELSEA C. ELINE *et al.*,**

   **Plaintiffs**

**v.**   CIVIL NO. JKB-18-0145

**TOWN OF OCEAN CITY, Md.,**

   **Defendant**

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiffs[1] have moved for preliminary injunctive relief in this case claiming a denial of equal protection under the Fourteenth Amendment to the United States Constitution.[2] (Mot. Prelim. Inj., ECF No. 21.) Plaintiffs, who are females, contend they have a "legal right to be bare-chested, in public, in the same places that men are permitted to be bare-chested, for purposes other than breastfeeding." (Mot. Prelim. Inj. Supp. Mem. 1, ECF No 22.) They further claim the Town of Ocean City, Maryland ("Ocean City"), has denied them equal protection of the law by enacting and enforcing Emergency Ordinance 2017-10, which bans "female bare-chestedness in public while permitting male bare-chestedness." (*Id.*)

The Court will hold a hearing on Plaintiffs' motion, which has been fully briefed (ECF Nos. 27, 28), on the date set at the end of this memorandum and order. In preparation for the hearing, the Court makes the following observations:

---

[1] Plaintiffs are Chelsea C. Eline, Megan A. Bryant, Rose R. MacGregor, Christine E. Coleman, and Angela A. Urban.

[2] Plaintiffs have also asserted they are similarly injured under the Maryland Declaration of Rights, Article 46. (Compl. Count III.)

1. The United States Court of Appeals for the Fourth Circuit has previously addressed a similar contention in *United States v. Biocic*, 928 F.2d 112 (4th Cir. 1991). In that case, the person claiming constitutional injury had been cited for violating a United States Fish and Wildlife regulation that prohibited, on any national wildlife refuge, any act of indecency as defined by State or local law. The particular law at issue was § 9.3 of the Accomack County, Virginia, Code, which prohibited public nudity, defined in part as "the showing of the female breast with less than a fully opaque covering on any portion thereof below the top of the nipple." 928 F.2d at 113. The Court found no constitutional violation by enforcement of the code section. With regard to equal protection, the Court assumed without deciding "that a distinction based upon anatomical differences between male and female is gender-based for equal protection analysis purposes," but then went on to decide "that the distinction . . . is one that is substantially related to an important governmental interest, hence does not deny equal protection." *Id.* at 115. The Court identified the important governmental interest as "protecting the moral sensibilities of that substantial segment of society that still does not want to be exposed willy-nilly to public displays of various portions of their fellow citizens' anatomies that traditionally in this society have been regarded as erogenous zones. These still include (whether justifiably or not in the eyes of all) the female, but not the male, breast." *Id.* at 115-16.

2. The Ocean City ordinance at issue, codified as sections 58-191—194, sets forth various legislative findings, including, "Protecting the public sensibilities is an important governmental interest based on an indisputable difference between the sexes. Further, a prohibition against females baring their breasts in public, although not offensive to everyone, is still seen by society as unpalatable." Sec. 58-191(d). In keeping with that

2

finding, the ordinance prohibits public nudity, defined in part as "[l]ess than [a] completely and opaquely covered . . . female breast below a point immediately above the top of the areola." Sec. 58-192(2).

3. The contested ordinance was enacted by duly elected representatives of the public who reside in Ocean City. The Court observes it is, at least, arguable that these representatives are authorized to speak, through legislation, in a manner that reflects the public's sensibilities.

4. Plaintiffs rely on one court decision from the District of Colorado that favors their position, *Free the Nipple—Fort Collins v. City of Fort Collins, Colorado*, 237 F. Supp. 3d 1126 (D. Colo. 2017). That case is currently on appeal to the Tenth Circuit, No. 17-1103.

5. The Colorado decision appears to be an outlier, given the various decisions in both federal and state courts that do not favor Plaintiffs. *See, e.g., Free the Nipple – Springfield Residents Promotion Equality v. City of Springfield, Missouri*, Case No. 15-3467-CV-S-BP, 2017 WL 6815041 (W.D. Mo. Oct. 4, 2017); *Book v. City of Daytona Beach, Florida*, Case No. 6:08-cv-1180-Orl-28DAB, 2009 WL 3720932 (M.D. Fla. Nov. 5, 2009); *C.T. v. Indiana*, 939 N.E.2d 626 (Ind. Ct. App. 2010); *City of Bowling Green v. Bourne*, Case No. WD-07-007, 2007 WL 3120191 (Ohio Ct. App. Oct. 26, 2007); *Frandsen v. County of Brevard*, 800 So. 2d 757 (Fla. Dist. Ct. App. 2001); *New Jersey v. Vogt*, 775 A.2d 551 (N.J. Super. Ct. App. Div. 2001).

6. This Court will, as of course it must, respect the precedent set in *Biocic*.

At the hearing, the parties are free to present evidence on the question of whether public sensibilities are accurately reflected or not in the Ocean City ordinance.

The hearing will be held on September 21, 2018, at 11:00 a.m., in Courtroom 3D, United States Courthouse, 101 West Lombard Street, Baltimore, Maryland 21201.

SO ORDERED.

DATED this 22 day of August, 2018.

BY THE COURT:

_____
James K. Bredar
Chief Judge